UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-10443-MWF (SSCx) | Date:  January 14, 2026 |
| Title: | Victoria Jacobsen v. Henkel Corporation, et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                              Court Reporter:
Rita Sanchez                                               Not Reported

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:
None Present                                               None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]

Before the Court is Plaintiff Victoria Jacobsen's Motion to Remand (the "Motion"), filed November 26, 2025. (Docket No. 11). Defendants Henkel Corporation, et al. filed an Opposition on December 22, 2025. (Docket No. 12). Plaintiff filed a Reply on December 29, 2025. (Docket No. 15).

The Court read and considered the papers and held a hearing on **January 12, 2026.**

The Motion is **DENIED**. Defendants' removal was timely, and the jurisdictional facts are adequately pled.

## I.    BACKGROUND

On June 23, 2025, Plaintiff Victoria Jacobsen filed this action in the Superior Court of California for the County of Los Angeles. (*See* Docket No. 1 at 1 (Notice of Removal ("NOR"))). The Complaint alleges claims for common law misappropriation of likeness and statutory misappropriation of likeness under California Civil Code section 3344 against Defendants. (*See generally* Exhibit A to NOR (the "Complaint")). On October 30, 2025, Defendant Henkel Corporation removed the action to this Court. (*See* NOR). Defendant asserted in the NOR that this Court had diversity jurisdiction over the action, given that the parties are diverse and the amount in controversy requirement is met. (*Id.* at 3). While Defendant asserted that the

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-10443-MWF (SSCx) | Date: January 14, 2026 |
| Title: Victoria Jacobsen v. Henkel Corporation, et al. | |

amount in controversy was not facially apparent from the Complaint, Defendant submitted evidence that Plaintiff rejected a settlement offer of $75,001, thus conceding that the amount in controversy met the jurisdictional threshold. (*Id.* at 5-7).

Plaintiff subsequently filed this Motion. In the Motion, Plaintiff does not challenge that the parties are diverse. Rather, Plaintiff argues that the removal was untimely and that the amount in controversy requirement is not met. (*See generally* Motion).

## II. REQUEST FOR JUDICIAL NOTICE

In support of its Opposition, Defendant requests that the Court take judicial notice of the state court complaints filed in three unrelated actions, which were removed to federal court and subsequently remanded. (*See* Docket No. 13 ("RJN") at 1). Plaintiff opposes the RJN. (*See* Docket No. 16).

Court filings and orders are typically judicially noticeable because they are readily verifiable. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Although the submitted complaints are all appropriate for judicial notice, the Court does not rely on these complaints for any part of this Order. Accordingly, the Court **DENIES** the requests ***as moot***.

## III. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-10443-MWF (SSCx) | Date: January 14, 2026 |
| Title: Victoria Jacobsen v. Henkel Corporation, et al. | |

removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. **DISCUSSION**

Plaintiff challenges Defendant's removal both on procedural and substantive grounds. First, Plaintiff argues that removal was untimely because the Complaint established that the amount in controversy was over the threshold to remove to federal court. (Motion at 3-9). Then, in the next section, Plaintiff argues that Defendants cannot establish that the amount in controversy meets the threshold requirement. (*Id.* at 9-12).

As a preliminary matter, the Court notes that these arguments are inconsistent — and not merely alternative legal arguments, as Plaintiff suggests, but incompatible representations of the record and jurisdictional facts. In the same breath, Plaintiff asserts that the amount in controversy was plainly apparent from the Complaint to be over $75,000, but also that the amount in controversy is fatally speculative.

Therefore, while Plaintiff asserts them as "alternative arguments," the factual basis for both arguments cannot simultaneously be true, as courts have recognized in the context of similar arguments. *See Letter v. Gen. Motors LLC*, No. CV 25-07757-HDV (MAAx), 2025 WL 3187652, at *3 (C.D. Cal. Nov. 12, 2025). Plaintiff's contradictory arguments also seem indicative of precisely the type of "gamesmanship in pleadings" that the Ninth Circuit has attempted to curb in its removal jurisprudence. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (2013) (explaining that 28 U.S.C. § 1446(b) is interpreted to "avoid a 'Catch-22' for defendants desirous of a federal forum," and that, accordingly, plaintiffs "assume the costs associated with their own indeterminate pleadings").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-10443-MWF (SSCx)            Date:  January 14, 2026
Title:     Victoria Jacobsen v. Henkel Corporation, et al.

Nevertheless, the Court will address these arguments in turn.

### A. **Timeliness of Removal**

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.  In adopting this standard, the Ninth Circuit sought to, among other things, "bring[] certainty and predictability to the process" of removals, "avoid[] gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]"  *Id.* at 697, 698.

Plaintiff first argues that Defendants' removal was untimely because removability was ascertainable from the face of the Complaint.  (Motion at 3-8).  But as Defendants argue, the Complaint contains no dollar figures whatsoever, and instead asserts relief in the form of general categories of damages.  (*See* Exhibit A to NOR).

Plaintiff does not dispute that the Complaint contains no particular amounts of damages, but instead makes much out of the statement from *Kuxhausen* that defendants must "apply a reasonable amount of intelligence in ascertaining removability."  707 F.3d at 1140-1141.  According to Plaintiff, this standard means that Defendants should have assumed it was "facially apparent" that the amount in controversy will exceed $75,000 "where the complaint alleges general damages, emotional distress damages, and punitive damages and seeks attorneys' fees."  (Motion at 6).

But the type of "reasonable amount of intelligence" contemplated by the court in *Kuxhausen* consisted of "[m]ultiplying figures ***clearly stated*** in a complaint[,]" ***not*** extrapolating from general categories of damages or looking to recoveries from similar cases in order to divine an amount in controversy, as Plaintiff asserts Defendants were obligated to do.  *See* 707 F.3d at 1140.  Indeed, *Kuxhausen* specifically held it was not duty of defendants to "make extrapolations or engage in guesswork."  *Id.*  In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-10443-MWF (SSCx) | Date: January 14, 2026 |
| Title: Victoria Jacobsen v. Henkel Corporation, et al. | |

context of a complaint that contains no dollar amounts whatsoever, extrapolation or extreme guesswork is the precise type of exercise Defendants here would have needed to perform in order to arrive at an amount in controversy based on the allegations in the Complaint. Therefore, the amount in controversy was not ascertainable from the face of the Complaint such that its filing triggered a 30-day deadline to remove the action.

Nor is Plaintiff's argument persuasive that the Court should use "judicial experience and common sense" to hold otherwise. (Motion at 5-6). While the amount in controversy may have been "facially apparent" from the complaints in the cases cited by Plaintiff, the same is not true here. (*Id.* at 6-7). As discussed in the Opposition, the Complaint in this action merely alleges damages stemming from a putatively broken agreement to only use images of Plaintiff for one year. (Opp. at 2; Complaint ¶¶ 2, 5). But as highlighted in the Opposition, the Complaint contains no allegations about the original terms of the putative agreement, and thus critically leaves ambiguous the value of the use of Plaintiff's name or likeness. For example, if the agreement provided $200 of compensation for the use of Plaintiff's name and likeness for a year, it would hardly be certain that the value of these claims would exceed $75,000, even considering the other categories of damages asserted in the Complaint. While $200 may be an extreme assumption, it is a variable left open by Plaintiff's choice of vague pleading.

Accordingly, the Court cannot conclude that the Complaint triggered the 30-day deadline to remove the action under § 1446(b)(1).

### B. Proof of Amount in Controversy

Plaintiff next takes issue with Defendants' proffered basis for removal: the rejection of Defendants' offer of compromise. (Motion at 9-12). It is undisputed that Defendants removed within thirty days of Plaintiffs' rejection, so the only question is whether this is such an "other paper from which it may be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. 1446(b)(3).

As an initial matter, the Court could well construe Plaintiff's timeliness arguments as a concession that the amount in controversy is over $75,000, as discussed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-10443-MWF (SSCx) | Date:  January 14, 2026 |
| Title:       Victoria Jacobsen v. Henkel Corporation, et al. | |

above.  Nonetheless, even considered on the merits, Plaintiff's arguments on this point are unpersuasive.

Plaintiff first argues that this objection to the offer of compromise cannot be a qualifying "other paper" because it was not a "voluntary act" of Plaintiff—rather, Defendant sent the offer and Plaintiff responded, so Defendants should be precluded from relying on that response when it was contrived by Defendants themselves.  (Motion at 8-9).  But this argument strains credulity.  As Defendants point out, if this distinction were upheld, then that would mean, for example, that Defendants could never remove on the basis of sworn answers to interrogatories.  (Opp. at 15).  But even Plaintiff concedes that such a result would untenable, and that removal would be proper if she had answered an interrogatory about the amount in controversy.  (Reply at 7-8).  While Plaintiff asserts that the distinction between answering a settlement offer and answering an interrogatory is "mixing apples and oranges[,]" Plaintiff never points to a meaningful distinction between the two scenarios.  (*Id.*).

Moreover, it is well settled that settlement communications may be considered "other paper" under the removal statute.  *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); (Opp. at 13-14 (collecting cases)).  Plaintiff creatively tries to distinguish between settlement offers "initiated" by plaintiffs versus settlement offers initiated by defendants, but that distinction is without merit.  As one court has observed in a similar action, given that Plaintiff did not accept the settlement offer of $75,001, "[she] must believe that not only do[es] [her] case[] put more than that in controversy, but that [she's] likely to do better by litigating."  *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.,* CV 18-ML-02814 AB (FFMx), 2018 WL 5905942, at *4 (C.D. Cal. Sept. 10, 2018).  Plaintiff simply cannot escape the clear implications of rejecting the settlement offer, despite her best efforts to argue that it was somehow not a valid settlement offer.  It would be counterintuitive for the Court to hold now that a rejection of a settlement offer for $75,001 leaves any ambiguity that Plaintiff believes her claims to be worth more than that amount; if she did not believe her claims put more in controversy, there would be no reason to reject the offer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-10443-MWF (SSCx) | **Date:** January 14, 2026 |
| **Title:** Victoria Jacobsen v. Henkel Corporation, et al. | |

Finally, Plaintiff at no point puts forward an affidavit or other evidence to prove that the amount in controversy is less than $75,000. Again, this failure to do so is consistent with Plaintiff's timeliness argument, where she argues forcefully that the amount in controversy is in fact over $75,000. This lack of contrary evidence is further support for the result here.

Accordingly, the Motion to Remand is **DENIED**.

IT IS SO ORDERED.